UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
COLONEL MAURICE MAYNARD MEYERS,

      Petitioner,

-against-

HEALTH AND HOSPITALS CORP.,

      Respondent.

------------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 30 2012 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CV-436 (CBA) (LB)

AMON, United States District Judge:

      On January 25, 2012, petitioner Colonel Maurice Maynard Meyers ("Meyers"), *pro se*, filed the instant action seeking his release from Kings County Hospital Center ("KCHC"), where he was involuntarily retained and medicated over objection pursuant to § 9.33 of the New York Mental Hygiene Law. The Court construed the action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as petitioner was challenging the fact of his confinement and seeking his immediate release. Respondent has moved to dismiss the petition, arguing that because Meyers was discharged from KCHC on March 23, 2012, the action as moot. Meyers has also filed a submission confirming that he was released from KCHC. Accordingly, the action is dismissed.

      "Mootness is a jurisdictional matter relating to the Article III requirement that federal courts hear only 'cases' or 'controversies.'" Blackwelder v. Safnauer, 866 F.2d 548, 550 (2d Cir. 1989) (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). A case becomes moot "when the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome.'" Blackwelder, 866 F.2d at 551 (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)); see also Jefferson v. Abrams, 747 F.2d 94, 96 (2d Cir. 1984). When this occurs, the

Constitution's case or controversy requirement is not satisfied and a federal court lacks subject matter jurisdiction over the action. Blackwelder, 866 F.2d at 550; Jefferson, 747 F.2d at 96. Here, the parties have both submitted that Meyers is no longer involuntarily confined relative to his claims in the instant petition. The case is thus dismissed as moot. See Meyers v. Williams, 10-cv-620 (E.D.N.Y. Feb. 22, 2011) (dismissing similar habeas petition as moot because petitioner was no longer involuntarily confined at hospital).

To the extent Meyers' most recent submission asks this Court to "repeal" a portion of state law that requires him to check in with an "aftercare clinic" within five days of his release, that claim is outside the scope of the instant petition, and Meyers has not articulated the legal basis for such a challenge.

For the reasons stated, the action is dismissed. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to enter judgment and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
April 30, 2012

Carol Bagley Amon
United States District Judge