UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

MAURICE MAYNARD MEYERS,

            Petitioner,

    -against-

HEALTH AND HOSPITALS CORP.,

            Respondent.
----------------------------------------------------------------x

NOT FOR PRINT OR
    ELECTRONIC
    PUBLICATION

**MEMORANDUM AND ORDER**

12 CV 436 (CBA)

AMON, Chief Judge:

        On January 25, 2012, petitioner Colonel Maurice Maynard Meyers filed the instant *pro se* petition seeking his release from Kings County Hospital Center ("KCHC"), where he was then involuntarily retained and medicated over objection pursuant to § 9.33 of the New York Mental Hygiene Law.  By Order dated April 30, 2012, the Court granted respondent's motion to dismiss the petition as moot, because petitioner had then been released from confinement.  Petitioner has now filed two motions seeking to reopen the case, dated June 12, 2012 and June 18, 2012, along with a proposed amended complaint dated June 15, 2012.  The motions are hereby denied.

        The handwritten submissions are difficult to read.  They appear to renew petitioner's challenges to New York State's Mental Hygiene law and to his involuntary commitment.  (See June 12, 2012 Motion, ¶ D; June 15, 2012 Submission at 2.)  The June 18, 2012 motion also demands the closure of KCHC and seeks $400 million dollars in damages.  (June 18 Motion, at 2, 4.).

        The standard for granting a motion to reconsider under either Rule 60(b) of the Federal Rules of Civil Procedure or Local Civil Rule 6.3 is a strict one.  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." See Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Petitioner's June 12, June, 15, and June 18, 2012 submissions fail to allege any controlling legal arguments or facts that this Court overlooked.  As the Court previously explained, petitioner's challenge to his earlier commitment is moot, as he was released from confinement on March 23, 2012.  Moreover, he still has not suggested any legal basis for challenging the Mental Hygiene Law or closing the KCHC.  Accordingly, petitioner's motions to reopen the instant case are denied.

The Court observes, however, that from documents attached to the June 18, 2012 submission, it appears that petitioner was involuntarily readmitted to a mental health facility on May 24, 2012, and that medical staff have requested a new medication-over-objection order. (See June 18, 2012 submission, Exhibits: Affirmation of Dr. Muhammad Islam, ¶¶ 3, 6; Justice Anthony Cutrona's June 8, 2012 Order to Show Cause on Medication Over Objection.)  To the extent that petitioner wishes to mount a new challenge to a new commitment order, he must file a new petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Buthy v. Commissioner of Office of Mental Health of N.Y.S., 818 F.2d 1046, 1051-52 (2d Cir. 1987) (petitioning for a writ of habeas corpus pursuant to § 2254 is the appropriate method for an individual to challenge the fact or duration of his involuntary civil commitment to a state psychiatric institution).

## CONCLUSION

Petitioner's motions for reconsideration or to reopen the above-captioned case are denied. Should he wish to challenge a current commitment order, he may file a new petition pursuant to

28 U.S.C. § 2254.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962)

    SO ORDERED.

                                           /s/
                                CAROL BAGLEY AMON
                                Chief United States District Judge

Dated: Brooklyn, New York
       July 23, 2012